

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXX~~
~~WILL WILSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

*Superseded*
*by art 1644c*

Hon. R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-2324
Re: Does a commissioners' court have
the power to make a budget year
other than the calendar year?

Your request for an opinion of this department, on the above stated question, has been received.

Your letter reads, in part, as follows:

"It is reported that the Attorney General has ruled that under the Texas Uniform Budget Law the budget year shall be the calendar year. If such a ruling has been made please furnish me a copy of such ruling.

"This county has had for some years a budget year from October 1st to September 30th. However, all officers make their annual reports on the calendar year. The fact that current taxes begin October 1st and become delinquent January 1st greatly aids the budget year on revenues with the budget year of October 1st to September 30th. The uniform budget law provides that the preparation of the budget must begin in July, hence you are by virtue compelled to estimate revenues beginning in January, whereas under the budget law as now written estimates may be made in July with reasonable accuracy beginning October 1st and plenty of time is provided from July until October for final completing of the budget by having the budget year from October 1st to September 30th. * * * "

Article 689a-9, Vernon's Annotated Civil Statutes, reads as follows:

"COUNTY BUDGET; COUNTY JUDGE AS BUDGET OFFICER -

The County Judge shall serve as budget officer for the Commissioners' Court in each county, and during the month of July of each year he, assisted by the County Auditor or by the County Clerk, shall prepare a budget to cover all proposed expenditures of the county government for the suceeding year. Such budget shall be carefully itemized so as to make as clear a comparison as practicable between expenditures included in the proposed budget and actual expenditures for the same or similar purposes for the preceding year. The budget must also be so prepared as to show as definitely as possible each of the various projects for which appropriations are set up in the budget, and the estimated amount of money carried in the budge for each of such projects. The budget shall also contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government, the funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget and the estimated rate of tax which will be required."

It will be noted that Article 689a-0, supra, provides that the county judge shall serve as the budget officer for the commissioners' court, and that in July of each year, with the assistance of the county auditor or the county clerk, he shall prepare a budget to cover all proposed expenditures of the county government for the suceeding year. Other articles of the same Act provide that said budget, when completed, shall be filed with the county clerk and be available for public inspection; also that the commissioners' court shall provide for a public hearing on the county budget, the hearing to take place subsequent to August 15th and prior to the levy of taxes by said commissioners' court.

We quote from an opinion rendered by this department February 10, 1933, addressed to Honorable H. T. Easterling, County Attorney, Mentone, Texas, as follows:

"  .  .  .

"It will be noted that the budget to be prepared is for the succeeding year', that is, as I understand it, the year beginning January 1st, following.  The levy which the commissioners' court is to make this year is for the purpose of raising money on which to operate the county government during the coming or suceeding year.  Hence, it is clear to me that the levy, which is to raise money to operate the county government on the next year was not intended to be made until, by the preparation of a budget, it could be known or estimated how much money would be required.  The requirements of the budget would necessarily fix or influence the rate of the levy. # # # "

In view of the foregoing your question is respectfully,xxxxxxxxx  answered in the negative.
Trusting that we have fully answered your inquiry, we are
Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Ardell Williams
                 Assistant

AW:ob

APPROVED MAY 20, 1940
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY RUS, Chairman